UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRAN SIMONTACCHI, | )<br>) |
| Plaintiff, | ) 3:07-CV-00407-LRH-VPC<br>) |
| v. | ) ORDER<br>) |
| STATE OF NEVADA, ex rel., its<br>DEPARTMENT OF PUBLIC SAFETY, et al., | )<br>) |
| Defendants. | ) |

Before the court is the defendants' (collectively, "the Department") Motion to Dismiss (#5)[1] pursuant to Fed. R. Civ. P. 12(b)(6). There has been no response, but plaintiff Fran Simontacchi ("Simontacchi") has filed an amended complaint (#6).

**I.     Factual Background**

Simontacchi is an employee of Nevada's Department of Public Safety, Division of Parole and Probation. (First Am. Compl. (#6) at 1.) On July 6, 2004, Simontacchi sustained an injury at work. She filed for workers' compensation, and her claim was approved. *Id*. at 2. On July 7, 2005, the Department denied Simontacchi's request to receive one year's salary in lieu of compensation for her injury, pursuant to Nev. Rev. Stat. § 281.153. *Id*. The Department justified its decision by citing a budget problem, stating that providing the salary-in-lieu-of-compensation

---

[1]Refers to the court's docket number.

option is discretionary, and stating that the Department does not provide this option. *Id*.

In response to this decision, Simontacchi filed a grievance in July, 2005, with the Department's Employment Management Committee ("EMC"). *Id*. at 3. On March 7, 2006, the EMC dismissed the grievance because Simontacchi had been granted "4800 time"[2] for her injuries. *Id*. However, the EMC "instructed the Department of Public Safety to address the disparity and impact of use of 4800 time and implement a program that provides 4800 time to all peace officers." *Id*.

On February 12, 2006, Simontacchi again injured herself on the job. *Id*. at 4. The new injury was an exacerbation of the earlier injury. *Id*. Simontacchi was denied 4800 time for this injury, and the Department ordered her to return to work on restricted duty. *Id*. Simontacchi subsequently filed another grievance with the EMC in 2006. *Id*. The EMC "acceded to the correctness" of Simontacchi's claim, but denied payment because the claim at this point was one year old. *Id*.

Simontacchi alleges that each of the defendant individuals caused a violation of her civil rights by denying or participating in the denial of her request for salary in lieu of compensation. *Id*. at 2-3. Simontacchi also alleges that males in the Department received 4800 time under substantially similar circumstances to those in which Simontacchi was denied 4800 time. *Id* at 4. She claims the discrimination is intentional. *Id*.

**II.    Discussion**

Simontacchi filed her First Amended Complaint (#6) fourteen days after the Department filed its Motion to Dismiss (#5). Simontacchi's First Amended Complaint addresses most of the issues raised by the Department's motion to dismiss. Furthermore, claims alleged in the original

---

[2]This term referes to payment provided Police Officers and Firefighters for time off for catastrophic injuries. The term evidently originated in California and refers to Section 4800 of the California Labor Code. (Mot. to Dismiss (#5) at 4 n.1.)

complaint, and addressed in the motion to dismiss, are absent from the amended complaint. It therefore appears that the amended complaint was filed in response to the motion to dismiss. In light of the filing, the motion to dismiss is moot.

     IT IS THEREFORE ORDERED the Department's Motion to Dismiss (#5) is DENIED as moot.

     IT IS SO ORDERED.

     DATED this 23rd day of June, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3